SHORT RECORD
NO. 25-2205
FILED 07/17/2025

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kangol LLC, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | Case No. 24-CV-01636 |
| v. | **)** | |
| | **)** | Judge Sharon Johnson Coleman |
| The Partnerships and | **)** | |
| Unincorporated Associations | **)** | |
| Identified on Schedule A, | **)** | |
| | **)** | |
| Defendants. | **)** | |

**NOTICE OF APPEAL**

Notice is hereby given that Defendant No. 14, Hangzhou Chuanyue Silk Import & Export Co., Ltd., hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order entered on June 13, 2025 (DKT #66) by the United States District Court for the Northern District of Illinois, Eastern Division, which denied Defendant's Motion to Vacate dated February 25, 2025 (Dkt# 60).

Dated: July 14, 2025

Respectfully submitted,

/s/ Wesley E. Johnson
Wesley E. Johnson
Cross-Border Counselor LLP
105 W Madison, Ste 2300
Chicago, IL 60602
(312) 752-4828
wjohnson@cbcounselor.com

/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Ste 1100
Huntington Beach, CA 92647
(781) 752-6369
bsolter@cbcounselor.com

Attorneys for Defendant
Hangzhou Chuanyue Silk Import & Export Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing Notice of Appeal with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: July 14, 2025

/s/ Wesley E. Johnson
Wesley E. Johnson
Cross-Border Counselor LLP
105 W Madison, Ste 2300
Chicago, IL 60602
(312) 752-4828
wjohnson@cbcounselor.com

## UNITED STATES COPURT OF APPEAL
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| Kangol LLC, | **)** | |
| | **)** | |
| Plaintiff, Appellee, | **)** | Appeal No. |
| | **)** | |
| v. | **)** | |
| The Partnerships and Unincorporated | **)** | District Court No. No. 24-CV- |
| Associations Identified on Schedule A, | **)** | 01636 |
| | **)** | |
| Defendants | **)** | |
| | **)** | |
| Hangzhou Chuanyue Silk Import & | **)** | |
| Export Co., Ltd | **)** | |
| Defendant-Appellant. | **)** | |
| | **)** | |
| | **)** | |

## DOCKETING STATEMENT
## PURSUANT TO CIRCUIT RULES 3(c) AND 28(a)

Defendant-Appellant Hangzhou Chuanyue Silk Import & Export Co., Ltd. submits this Docketing Statement pursuant to Circuit Rules 3(c) and 28(a).

1. District Court Jurisdiction: The United States District Court for the Northern District of Illinois had subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (trademark jurisdiction).

2. Appellate Court Jurisdiction: This Court has jurisdiction under 28 U.S.C. § 1291. The final order appealed from is the Memorandum Opinion and Order entered on June 13, 2025 (ECF No. 66), denying Defendant-Appellant's Motion to Vacate Default Judgment. The Notice of Appeal was timely filed on July 14, 2025, within 30 days of the entry of judgment as required by Fed. R. App. P. 4(a)(1)(A). There are no prior or related appeals in this case.

Respectfully submitted,

/s/ Wesley E. Johnson
Wesley E. Johnson
Cross-Border Counselor LLP
105 W Madison, Ste 2300
Chicago, IL 60602(312) 752-4828
wjohnson@cbcounselor.com
Attorney for Defendant-Appellant Hangzhou Chuanyue Silk Import & Export Co., Ltd.

2

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Docketing Statement was electronically filed with the Clerk of the Court and served on all counsel of record and interested parties via email for the emails shown for all counsel who have appeared in the Circuit Court case as shown in the CM/ECF system on July 14, 2025.

/s/ Wesley E. Johnson
Wesley E. Johnson
Cross-Border Counselor LLP
105 W Madison, Ste 2300
Chicago, IL 60602(312) 752-4828
wjohnson@cbcounselor.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KANGOL LLC, | ) | CASE NO. 1:24-cv-01636 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| -vs- | ) | |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff Kangol LLC against the fully interactive e-commerce stores operating under the Seller Aliases identified in Exhibit A attached hereto, the Plaintiffs having moved for entry of Default and Default Judgment against the Defendants identified in Exhibit A (the "Defaulting Defendants");

Plaintiff having properly completed service of process on the Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that the Defaulting Defendants received from payment processor, being notice reasonably calculated under all circumstances to apprise the Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Amended Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, the Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Aliases, offering shipping to the United States, including Illinois, accepting payment in U.S. dollar, and/or from U.S. bank accounts, and having sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks ("Plaintiff's Trademarks") to residents of Illinois. A list of the Plaintiff's Trademarks is included in the chart below.

| Registration Number | Trademark |
|---|---|
| 535,357; 1,011,576; 1,490,292; 3,017,272; 4,153,667; 4,384,997 | KANGOL (standard character word mark) |
| 1,372,671; 4,204,801; 4,384,996 |  |
| 2,235,981; 2,278,532 |  |
| 3,787,973 |  |

This Court further finds that the Defaulting Defendants are liable for willful trademark infringement and counterfeiting under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a).

2

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that the Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendant.

The Court further orders that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert of participation with them be permanently enjoined and restrained from:

    a. using the Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's, or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademarks;

    c. committing any acts calculated to cause consumers to believe that the Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Plaintiff's Trademarks and damaging Plaintiff's goodwill and reputation; and

3

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff's Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with the Defaulting Defendants' Sellar Aliases, including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Aibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a/ Wish.com ("Wish"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), WhaleCo, Inc. ("Temu"), and DHgate.com ("DHgate") (collectively, the "Third Party Providers") shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with the Defaulting Defendants in connection with the sale of counterfeit and infringing goods using Plaintiff's Trademarks.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of counterfeit Plaintiff's Trademarks in connection with the sale of products through at least the Defaulting Defendants' online marketplaces.

4. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), eBay, DHgate, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish, Walmart, Etsy, Temu, and Amazon Pay, by e-mail delivery on the Third Party Providers.

5. Any Third Party Providers holding funds for the Defaulting Defendants, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to the Defaulting Defendants' Sellar Aliases from transferring or disposing of any funds, up to the above identified statutory damages award, or other of the Defaulting Defendants' assets.

6. All monies, up to the above identified statutory damages award, in the Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, are ordered to release to Plaintiff the amounts from the Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to them by the Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, shall within seven (7) calendar days:

    a.   locate all accounts and funds connected to Defaulting Defendants' Sellar Alias, including, but not limited to, any financial accounts connected to any e-mail addresses provided for the Defaulting Defendants by third parties;

    b.   restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c.   release all monies, up to the above identified statutory damages award, restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by e-mail at the e-mail addresses identified or provided for the Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) bond posted by Plaintiff, including any interest, minus the registry fee, is hereby released via certified mail to counsel of record for Plaintiff, Todd Tucker of Calfee Halter & Griswold LLP at 1405 East Sixth Street, Cleveland, OH 44114.

This is a Final Judgment.

DATED: 5/22/2024

_____
Sharon Johnson Coleman
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Kangol LLC

                                               Plaintiff,

v.                                               Case No.: 1:24−cv−01636

                                               Honorable Sharon Johnson Coleman

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

                                             Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 22, 2024:

      MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing
held on 5/22/2024. Defendants did not appear nor contact the Court. Plaintiff's motion for
entry of default and default judgment [49] is granted. Default judgment is entered in favor
of plaintiff and against defendants identified in Schedule A. Enter Order. The ten thousand
dollar ($10,000) bond posted by Plaintiff, including any interest, minus the registry fee, is
hereby released via certified mail to counsel of record for Plaintiff, Todd Tucker of Calfee
Halter & Griswold LLP at 1405 East Sixth Street, Cleveland, OH 44114. Status hearing
set for 5/28/2024 is stricken. Civil case terminated. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KANGOL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-01636 |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Judge Sharon Johnson Coleman |
| IDENTIFIED ON SCHEDULE A | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kangol, LLC ("Plaintiff") filed its Complaint, known as a "Schedule A" action, against five foreign defendants for trademark infringement and counterfeiting for selling unauthorized Kangol products. Approximately 12 weeks later, the Court granted Plaintiff's motion for default judgment against all defendants, including Defendant Hangzhou Chuanyue Silk Import & Export Co., Ltd ("Defendant"). Nearly nine months later, Defendant filed a motion to vacate judgment pursuant to Fed. R. Civ. P 60(b)(4) ("Rule 60(b)(4)") or, in the alternative, for failure to comply with Fed. R. Civ. P. 69(a)(1) ("Rule 69(a)(1)"). For the following reasons, the Court denies Defendant's motion to vacate [60].

## BACKGROUND

Plaintiff manufactures and sells clothing apparel, including headwear, that contains a variety of Plaintiff's kangaroo design trademarks. Plaintiff filed this action on February 27, 2024, against defendants, including Defendant who filed this motion, alleging that they were selling counterfeit products from China, and other foreign jurisdictions, via e-commerce platforms, including Alibaba and AliExpress. The defendants were listed in an accompanying Schedule A, which was filed under

1

seal.  Plaintiff amended the Schedule A from 25 defendants to five defendants on March 25, 2024.
The amended Schedule A included Defendant.

On March 26, 2024, Plaintiff moved for an ex parte temporary restraining order, which
included Plaintiff's request for service of process via email under Fed. R. Civ. P. 4(f)(3) ("Rule 4(f)(3)"),
which the Court granted.  Plaintiff later moved for default judgment, which this Court granted on May
22, 2024, noting that no defendant appeared or contacted the Court ("Default Judgment Order").
Defendant filed its motion to vacate under Rule 60(b)(4) or, in the alternative, Rule 69(a)(1) on
February 25, 2025.

## LEGAL STANDARD

Rule 60(b)(4) provides relief from a final judgment or order if the judgment is void where the
court lacks personal jurisdiction over a party.  *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 854
(7th Cir. 2011).  If a district court determines that a judgment is void under Rule 60(b)(4), the judge
has no discretion and must grant the party appropriate relief.  *Philos Tech., Inc.,* 645 F.3d at 855.  Courts
have found "a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no
jurisdiction over the action."  *Id.* at 855 (internal citations omitted).  There is no time limit, absent
exceptional circumstances, for motions filed under Rule 60(b)(4).  *Id.* at 857.

## DISCUSSION

Defendant argues it is entitled to relief from default judgment under Rule 60(b)(4) because
service of process was invalid under the Hague Service Convention (the "Convention").  Defendant
also contends, in the first alternative, that the entry of default judgment did not comply with Article

2

15 of the Convention.  Lastly, in the second alternative, Defendant argues that the Court's Default

Judgment Order should be vacated and modified to comply with Rule 69(a)(1).

### I.      Validity of Service of Process under the Convention

Rule 4(f) allows service on defendants in foreign countries "(1) by any internationally agreed

means of service that is reasonably calculated, such as those authorized by the [] Convention on the

Service Abroad of Judicial and Extrajudicial Documents;" "(2) if there is no internationally agreed

means" "by a method that is reasonably calculated to give notice;" or "(3) by other means not

prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).

The Court first considers whether service was proper under Rule 4(f)(1).  The Convention

"seeks to simplify, standardize, and generally improve the process of serving documents abroad."

*Water Splash, Inc. v. Menon,* 581 U.S. 271, 273, 137 S.Ct. 1504, 197 L.Ed.2d 826 (2017).  While the

"primary innovation" of the Convention is that it "requires each state to establish a central authority

to receive requests for service of documents from other countries," *Volkswagenwerk Aktiengesellschaft v.*

*Schlunk,* 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988), submitting a request to central

authority is not the only approved method of service.  *Water Splash, Inc.,* 581 U.S. at 275.  The United

States and China are parties to the Convention.

The Convention does not apply where the defendant's address is unknown.  *See Peanuts*

*Worldwide LLC v. Partnerships and Unincorporated Associations Identified on Schedule A,* No. 23 C 2965, 347

F.R.D. 316, 325 (N.D. Ill. June 25, 2024) (Pallmeyer, J.)  To determine whether an address is

"unknown," a plaintiff must show that it made "reasonably diligent efforts to ascertain and verify

defendant's mailing address."  *See Oakley, Inc. v. Partnerships and Unincorporated Associations Identified in*

*Schedule "A",* No. 20-cv-05049, 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021) (Kness, J.)

Defendant argues that Plaintiff failed to make reasonably diligent efforts to determine

Defendant's mailing address because the address was available online, and accessible to Plaintiff, at

3

the time the Complaint was filed. Defendant contends that Plaintiff's failure to conduct such efforts renders service improper. Plaintiff argues that it did make reasonably diligent efforts and that it could not verify the accurate address as its efforts resulted in a multitude of different addresses. Based on the different addresses listed, Plaintiff argues that it could not ascertain which, if any, were the correct address.

Even if Plaintiff did not make reasonably diligent efforts, it is not dispositive of the motion. Many Northern District of Illinois courts have found that a defendant was properly served under Rule 4(f)(3) even where a plaintiff failed to conduct reasonable due diligence under the Convention. *See Oakley,* 2021 WL 2894166, at *6; *see also Peanuts,* 347 F.R.D. at 328. Therefore, the real inquiry is whether service was proper under Rule 4(f)(3).

Rule 4(f)(3) allows for service of process "by any other means not prohibited by international agreement." Northern District of Illinois courts have found that no hierarchy exists in attempting service under Rule 4, meaning the Rule does not require service under the Convention (pursuant to Rule 4(f)(1)) if required, prior to seeking a court order for alternative service under Rule 4(f)(3). *See Peanuts,* 347 F.R.D. at 328; *see NBA Properties, Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule A,* 549 F.Supp.3d 790, 796-797 (N.D. Ill. July 15, 2021) (Kness, J.). In other words, Plaintiff need to attempt service under the explicit terms of the Convention for the Court to authorize service be effected through alternative means, such as email, so long as Plaintiff made "a showing as to why alternative service should be authorized" which was achieved here. *Oakley, Inc.,* 2021 WL 2894166, at *4. Here, the parties dispute whether service by email was proper under Rule 4(f)(3).

The Convention is silent as to whether service by email is permitted or forbidden. *See NBA Props.,* 549 F.Supp.3d at 797. Relevant here, Article 10 of the Convention allows for service through "post channels" and through "judicial officers, officials, or other competent persons" so long as the country in which service is to be effected has not objected to the method. *Id.* at 275-276. Defendant

4

argues that the Court should follow the holding in *Luxottica Group S.p.A. v. P'ships and Unincorporated Ass'ns on Schedule "A"* which found that China's objection to alternative means of process listed in Article 10(a) of the Convention precluded service via email. 391 F.Supp.3d 816, 826-27 (N.D. Ill. 2019) (Gottschall, J.). However, several other courts in this district have found that the term "post channels" in Article 10(a) should not be read to include email as "email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the [] Convention." *Hangzhou Chic Intelligent Tech. Co. v. P'ships v. Unincorporated Ass'ns Identified on Schedule A,* No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (Durkin, J.) (listing cases that reject theory that Article 10(a) includes email service); *see also Peanuts,* 347 F.R.D. at 330; *see also NBA Props.,* 549 F.Supp.3d at 798 (finding "post channels" to apply only to material physically delivered by letter carrying authorities, not email). The Court will follow the suit of other Northern District of Illinois courts, finding that service via email is not prohibited by Article 10(a).

Defendant argues that the Supreme Court's holdings in *Schlunk* and *Water Splash* require a different result, namely that the Convention prohibits all methods of service not mentioned in its text, which would prohibit service via email under Rule 4(f)(3); but this Court does not agree. In *Schlunk,* the Supreme Court found that Articles 15 and 16 prohibit the practice of "notification *au parquet,*" service of process on a foreign actor through the deposit of documents with a designated local official. *Schlunk,* 486 U.S. at 703. In *Water Splash,* the Supreme Court held that the Convention did not prohibit service of process by mail. *Water Splash,* 581 U.S. at 274-284. Clearly, neither *Schlunk* nor *Water Splash* commented on the propriety of service by email under the Convention. Other courts in this district have come to the same conclusion, finding that the Convention's silence on unenumerated methods of service is not an outright prohibition. *See NBA Props.,* 549 F.Supp.3d at 797-98; *see also Peanuts,* 347 F.R.D. at 331; *see also Oakley, Inc.,* 2021 WL 2894166, at *5. The Court, therefore, finds that the

Convention does not prohibit email service nor are the prescribed methods of service exclusive. Accordingly, email service under Rule 4(f)(3) was proper.

## II.    Article 15 of the Convention

Defendant contends that Article 15 of the Convention mandates that default may only be entered where service is conducted under either a method of service available for domestic service in China or under the Convention. Defendant argues that under either process of service, email is not sufficient. The Court does not agree.

In reaching its conclusion in *Schlunk*, the Supreme Court referenced the elimination of *notification au parquet* in the Convention which was addressed through the Article 15 requirement that "a judgment may not be entered unless a foreign defendant received adequately and timely notice of the suit." *Schlunk*, 486 U.S. at 703. Indeed, the main concern in eliminating *notification au parquet* from Article 15 was to prevent default where a defendant did not receive notice of the lawsuit. *Id.* ("Yet such methods of service of process are the least likely to provide a defendant with actual notice.") Article 15 allows a court to enter judgment where "the document was actually delivered to the defendant or to his residence by another method provided for by this Convention, and that… the delivery was effected in sufficient time to enable the defendant to defend." As mentioned, the Convention does not prohibit email service and the listed methods of service permitted in the Convention are not exclusive. Indeed, the facts demonstrate that Defendant received timely notice of the lawsuit based on the frequent communications with the parties during the pendency of this matter. This removes any concern regarding the timeliness of notice Article 15 seeks to prevent. Accordingly, the Court finds that default judgment did not contravene Article 15 of the Convention.

## III.    Rule 69(a)(1)

Lastly, Defendant argues that the Default Judgment Order should be vacated or modified to comply with Rule 69(a)(1). Defendant contends the Default Judgment Order, mandating third parties,

like Amazon, to turn over funds to Plaintiff, is contrary to Illinois post judgment proceedings and that Plaintiff did not comply with these procedures.

However, as correctly noted by Plaintiff, Defendant does not describe how the Default Judgment Order is contrary to Illinois post judgment proceedings. Nor does Defendant make any attempt to argue which Illinois post judgment proceedings Plaintiff violated and how Plaintiff failed to comply with these procedures. Defendant's failure to present sufficient argument in its initial brief cannot be remedied through its reply brief. *See Aliwoli v. Gilmore,* 127 F.3d 632, 635 (7th Cir. 1997) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.") (internal citations omitted). Undeveloped arguments unsupported by legal authority are waived. *Schaefer v. Universal Scaffolding & Equip., LLC,* 839 F.3d 559, 607 (7th Cir. 2016). It is not the Court's duty to go on an expedition to create Defendant's arguments. *See Contilli v. Loc. 705 Int'l Bhd. of Teamsters Pension Fund*, 559 F.3d 720, 724 (7th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Accordingly, the Court finds that the Default Judgment Order did not violate Rule 69(a).

**CONCLUSION**

For these reasons, the Court denies Defendant's motion to vacate [60].

**IT IS SO ORDERED.**

Date: 6/13/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

AO279,APPEAL,TERMED,WEISMAN

# United States District Court
## Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:24−cv−01636
### *Internal Use Only*

Kangol LLC v. The Partnerships and Unincorporated
Associations Identified on Schedule A
Assigned to: Honorable Sharon Johnson Coleman
Cause: 15:44 Trademark Infringement

Date Filed: 02/27/2024
Date Terminated: 05/22/2024
Jury Demand: Both
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Kangol LLC**                                  represented by  **Andrew W. Alexander**
                                                                Calfee, Halter & Griswold Llp
                                                                1405 East Sixth Street
                                                                Cleveland, OH 44114
                                                                (216) 622−8634
                                                                Fax: Not a member
                                                                Email: aalexander@calfee.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Brian Patrick Doney**
                                                                1717 N Bayshore Dr
                                                                Ph A55
                                                                Miami, FL 33132
                                                                614−753−5508
                                                                Email: brian.p.doney@gmail.com
                                                                *TERMINATED: 05/20/2024*

                                                                **Yizhou Liu**
                                                                Calfee, Halter & Griswold Llp
                                                                1405 East Sixth Street
                                                                Cleveland, OH 44114
                                                                (216) 622−8432
                                                                Fax: Not a member
                                                                Email: bliu@calfee.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Todd R Tucker**
                                                                Calfee Halter & Griswold LLP
                                                                1405 East Sixth Street
                                                                Cleveland, OH 44114
                                                                216−622−8231
                                                                Email: ttucker@calfee.com
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Partnerships and Unincorporated
Associations Identified on Schedule A**

**Defendant**

**Hangzhou Chuanyue Silk Imp And
Exp Co., Ltd.**                                 represented by  **Benjamin Solter**
                                                                Cross−Boarder Counselor, LLP
                                                                7755 Center Ave.
                                                                Suite 1100
                                                                Huntington Beach, CA 92647
                                                                781−752−6369
                                                                Email: bsolter@cbcounselor.com

*ATTORNEY TO BE NOTICED*

**Wesley E. Johnson**
Cross−Border Counselor LLP
105 W Madison St
Ste. 2300
Chicago, IL 60602−4678
312−752−4828
Fax: 312−264−2535
Email: wjohnson@cbcounselor.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Guangzhou Unipin Sportswear Co.,
Ltd.**

**Defendant**

**Yiwu Zhipai Trade Co., Ltd.**

**Defendant**

**Yiwu Lisa Knitting Raw Materials
Firm**

**Defendant**

**Yiwu Mingqi Trading Co., Ltd.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2024 | 1 | COMPLAINT filed by Kangol LLC; Jury Demand. Filing fee $ 405, receipt number AILNDC−21682391. (Attachments: # 1 Exhibit Ex. A to Complaint − FY 2021 Intellectual Property Rights Seizure Statistics Book, # 2 Exhibit Ex. B to Complaint − Combating Trafficking in Counterfeit and Pirated Goods − Copy, # 3 Exhibit Ex. C to Complaint − 2023 Review of Notorious Markets, # 4 Exhibit Ex. D to Complaint − Alibaba, Amazon, and Counterfeiting in the Age of the Internet, # 5 Exhibit Ex. E to Complaint − 2022 Review of Notorious Markets, # 6 Exhibit Ex. F to Complaint − Stopping Counterfeit Trafficking on E−Commerce Platforms, # 7 Exhibit Ex. G to Complaint − Kangol Trademark Registrations)(Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 2 | ATTORNEY Appearance for Plaintiff Kangol LLC by Todd R Tucker (Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 3 | ATTORNEY Appearance for Plaintiff Kangol LLC by Brian Patrick Doney (Doney, Brian) (Entered: 02/27/2024) |
| 02/27/2024 | 4 | MOTION by Plaintiff Kangol LLC to seal

(Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 5 | SEALED EXHIBIT by Plaintiff Kangol LLC *Schedule A* regarding complaint,, 1 (Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 6 | SEALED EXHIBIT by Plaintiff Kangol LLC *Exhibit H to Complaint (Declaration of Sean McCabe)* regarding complaint,, 1 (Attachments: # 1 Exhibit Ex. 1 to McCabe Declaration − Kangol Trademark Registrations, # 2 Exhibit Ex. 2 to McCabe Declaration − Annotated Screenshot Evidence)(Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 7 | CIVIL Cover Sheet (Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 8 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Kangol LLC (Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 9 | NOTICE by Kangol LLC *of Claims Involving Trademarks* (Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | 10 | MOTION by Plaintiff Kangol LLC for temporary restraining order

(Tucker, Todd) (Entered: 02/27/2024) |

| 02/27/2024 | 11 | SEALED DOCUMENT by Plaintiff Kangol LLC *Kangol's Memorandum in support of its Motion for TRO* (Tucker, Todd) (Entered: 02/27/2024) |
|---|---|---|
| 02/27/2024 | 12 | EXHIBIT by Plaintiff Kangol LLC *Exhibit A to Kangol's Memorandum in support of its Motion for TRO (Declaration of Todd R. Tucker)* regarding sealed document 11 (Attachments: # 1 Exhibit Ex. 1 to Tucker Declaration − Alibaba, Amazon, and Counterfeiting in the Age of the Internet, # 2 Exhibit Ex. 2 to Tucker Declaration − Combating Trafficking in Counterfeit and Pirated Goods, # 3 Exhibit Ex. 3 to Tucker Declaration − FY 2021 Intellectual Property Rights Seizure Statistics Book, # 4 Exhibit Ex. 4 to Tucker Declaration − Stopping Counterfeit Trafficking on E−Commerce Platforms, # 5 Exhibit Ex. 5 to Tucker Declaration − 2022 Review of Notorious Markets, # 6 Exhibit Ex. 6 to Tucker Declaration − 2023 Review of Notorious Markets)(Tucker, Todd) (Entered: 02/27/2024) |
| 02/27/2024 | | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable M. David Weisman. Case assignment: Random assignment. (Civil Category 2). (jxm, ) (Entered: 02/27/2024) |
| 02/27/2024 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post−trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jxm, ) (Entered: 02/27/2024) |
| 02/28/2024 | 13 | MINUTE entry before the Honorable Sharon Johnson Coleman: This case has been assigned to the calendar of Judge Sharon Johnson Coleman. Plaintiff is put on notice that it may be required to file a memorandum discussing the propriety of joinder under Federal Rule of Civil Procedure 20(a)(2) if it appears that defendants are too numerous or unconnected. In addition, should default judgment enter against defendant(s), Plaintiff should be prepared to prove up damages by affidavit or hearing. Mailed notice. (ym) (Entered: 02/28/2024) |
| 02/28/2024 | 14 | MAILED Trademark report to Patent Trademark Office, Alexandria VA (smb, ) (Entered: 02/28/2024) |
| 02/28/2024 | 15 | MAILED to plaintiff(s) counsel Lanham Mediation Program materials (smb, ) (Entered: 02/28/2024) |
| 02/28/2024 | 16 | ATTORNEY Appearance for Plaintiff Kangol LLC by Andrew W. Alexander (Alexander, Andrew) (Entered: 02/28/2024) |
| 02/29/2024 | 17 | NOTICE by Kangol LLC re sealed document 11 , MOTION by Plaintiff Kangol LLC to seal<br><br>4 *Notice of Filing Amended Motion to Seal and Memorandum in support of Motion for TRO* (Tucker, Todd) (Entered: 02/29/2024) |
| 02/29/2024 | 18 | MOTION by Plaintiff Kangol LLC to seal<br><br>(Tucker, Todd) (Entered: 02/29/2024) |
| 02/29/2024 | 19 | SEALED DOCUMENT by Plaintiff Kangol LLC (Tucker, Todd) (Entered: 02/29/2024) |
| 02/29/2024 | 20 | NOTICE of Motion by Todd R Tucker for presentment of (Tucker, Todd) (Entered: 02/29/2024) |
| 03/01/2024 | 21 | *Refiled* NOTICE of Motion by Todd R Tucker for presentment of motion for temporary restraining order 10 , motion to seal 18 before Honorable Sharon Johnson Coleman on 3/5/2024 at 08:45 AM. (Tucker, Todd) (Entered: 03/01/2024) |
| 03/01/2024 | 22 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's motion for leave to file under seal 4 , 18 is granted. Mailed notice. (ym) (Entered: 03/01/2024) |
| 03/04/2024 | 23 | MINUTE entry before the Honorable Sharon Johnson Coleman: Upon review of the Complaint, the Court questions whether joinder of 25 defendants is appropriate in this case. See, e.g. Estee Lauder Cosmetics Ltd. v Schedule A, Case No. 19−cv−7878, 2020 WL 433870 (N.D. Ill. Jan. 27, 2020) (Chang, J.). Plaintiff shall file a supplemental memorandum addressing the propriety of joinder by 3/18/2024 in light of the principles described in Estee Lauder. In addition, Plaintiff has leave to file an amended complaint with smaller subset of defendants along with its memorandum. Presentment hearing set for 3/5/2024 is stricken. Mailed notice. (ym) (Entered: 03/04/2024) |
| 03/18/2024 | 24 | *First* AMENDED complaint by Kangol LLC against The Partnerships and Unincorporated Associations Identified on Schedule A (Doney, Brian) (Entered: 03/18/2024) |
| 03/18/2024 | 25 | MOTION by Plaintiff Kangol LLC to seal |

| | | (Tucker, Todd) (Entered: 03/18/2024) |
|---|---|---|
| 03/18/2024 | 26 | SEALED DOCUMENT by Plaintiff Kangol LLC *First Amended Schedule A* (Tucker, Todd) (Entered: 03/18/2024) |
| 03/18/2024 | 27 | MEMORANDUM terminate hearings,, 23 by Kangol LLC *Memorandum Establishing Joinder* (Tucker, Todd) (Entered: 03/18/2024) |
| 03/21/2024 | 28 | NOTICE of Motion by Todd R Tucker for presentment of motion for temporary restraining order 10 , motion to seal 25 before Honorable Sharon Johnson Coleman on 3/26/2024 at 10:00 AM. (Tucker, Todd) (Entered: 03/21/2024) |
| 03/25/2024 | 29 | NOTICE by Kangol LLC re sealed document 26 *of Filing Corrected First Amended Schedule A* (Tucker, Todd) (Entered: 03/25/2024) |
| 03/25/2024 | 30 | SEALED DOCUMENT by Plaintiff Kangol LLC *Corrected First Amended Schedule A* (Tucker, Todd) (Entered: 03/25/2024) |
| 03/26/2024 | 31 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 3/26/2024. Plaintiff's ex parte motion for entry of temporary restraining order 10 and motion for leave to file its first amended Schedule A under seal 25 are granted. Enter Order. An in−person status hearing is set for 4/9/2024 at 10:00 AM. Mailed notice. (ym) (Entered: 03/26/2024) |
| 03/26/2024 | 32 | SEALED ORDER. Signed by the Honorable Sharon Johnson Coleman on 3/26/2024. Mailed notice. (ym) (Entered: 03/26/2024) |
| 04/04/2024 | 33 | EX PARTE MOTION by Plaintiff Kangol LLC to *Extend the Temporary Restraining Order* (Tucker, Todd) (Entered: 04/04/2024) |
| 04/04/2024 | 34 | MEMORANDUM *in Support of Plaintiff's Ex Parte Motion to Extend the Temporary Restraining Order* (Tucker, Todd) (Entered: 04/04/2024) |
| 04/04/2024 | 35 | DECLARATION regarding memorandum in support of motion 34 (Tucker, Todd) (Entered: 04/04/2024) |
| 04/04/2024 | 36 | NOTICE of Motion by Todd R Tucker for presentment of before Honorable Sharon Johnson Coleman on 4/9/2024 at 10:00 AM. (Tucker, Todd) (Entered: 04/04/2024) |
| 04/04/2024 | 37 | ATTORNEY Appearance for Plaintiff Kangol LLC by Yizhou Liu (Liu, Yizhou) (Entered: 04/04/2024) |
| 04/09/2024 | 38 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 4/9/2024. Plaintiff's sealed motion 33 is granted. The Temporary Restraining Order is extended to April 23, 2024. An in−person status hearing is set for 4/23/2024 at 9:00 AM. Mailed notice. (ym) (Entered: 04/09/2024) |
| 04/18/2024 | | SUMMONS Issued as to Defendant The Partnerships and Unincorporated Associations Identified on Schedule A (jmv, ) (Entered: 04/18/2024) |
| 04/18/2024 | 39 | MOTION by Plaintiff Kangol LLC for preliminary injunction (Attachments: # 1 Exhibit Exhibit A − E−Commerce Stores)(Doney, Brian) (Entered: 04/18/2024) |
| 04/18/2024 | 40 | MEMORANDUM by Kangol LLC in support of motion for preliminary injunction 39 (Attachments: # 1 Declaration Declaration of Brian P. Doney)(Doney, Brian) (Entered: 04/18/2024) |
| 04/18/2024 | 41 | SUMMONS Returned Executed by Kangol LLC as to All Defendants. (Attachments: # 1 Declaration of Brian P. Doney, # 2 Exhibit A − E−Commerce Stores)(Doney, Brian) (Entered: 04/18/2024) |
| 04/18/2024 | 42 | NOTICE of Motion by Brian Patrick Doney for presentment of motion for preliminary injunction 39 before Honorable Sharon Johnson Coleman on 4/23/2024 at 09:00 AM. (Doney, Brian) (Entered: 04/18/2024) |
| 04/22/2024 | 43 | MINUTE entry before the Honorable Sharon Johnson Coleman: The in−person status hearing and presentment of plaintiff's motion for entry of a preliminary injunction 39 set for 4/23/2024 is stricken and reset to 4/24/2024 at 10:00 AM. Mailed notice. (ym) (Entered: 04/22/2024) |
| 04/23/2024 | | BOND in the amount of $10,000.00 cashier's check, Receipt No. 100005350, posted by Kangol LLC. (smb, ) (Entered: 04/23/2024) |
| 04/23/2024 | 44 | REGISTRY Deposit Information Form by Kangol LLC. (Received by mail in the Clerk's Office on 04/23/2024) (rc, ) (Entered: 04/23/2024) |

| 04/24/2024 | 45 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 4/24/2024. Defendants did not appear nor contact the Court. Plaintiff's motion for entry of a preliminary injunction 39 is granted. Enter Order. The Clerk's Office is to unseal Schedule A to the Complaint 5 , Declaration of Sean McCabe and exhibits thereto 6 , Memorandum in support of Motion for Temporary Restraining Order 11 , First Amended Schedule A 26 , Corrected First Amended Schedule A 29 , the Temporary Restraining Order 32 , and Ex Parte Motion to Extend the Temporary Restraining Order 33 . An in−person status hearing is set for 5/28/2024 at 10:00 AM. Law Firm of Calfee, Halter & Griswold Llp is ordered to add ALL Defendant names listed in the Schedule A to the docket within three business days. Instructions can be found on the court's website located at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_cmecf/pdfs/v60/Add_Terminate_Instructions.pdf. Mailed notice. (ym) (Entered: 04/25/2024) |
|---|---|---|
| 04/24/2024 | 46 | PRELIMINARY INJUNCTION Order. Signed by the Honorable Sharon Johnson Coleman on 4/24/2024. Mailed notice. (ym) (Entered: 04/25/2024) |
| 04/29/2024 | | NEW PARTIES: Hangzhou Chuanyue Silk Imp And Exp Co., Ltd., Guangzhou Unipin Sportswear Co., Ltd., Yiwu Zhipai Trade Co., Ltd., Yiwu Lisa Knitting Raw Materials Firm and Yiwu Mingqi Trading Co., Ltd. added to case caption. (Doney, Brian) (Entered: 04/29/2024) |
| 05/01/2024 | 47 | MOTION by Attorney Brian P. Doney to withdraw as attorney for Kangol LLC. No party information provided (Doney, Brian) (Entered: 05/01/2024) |
| 05/17/2024 | 48 | SUMMONS Returned Executed by Kangol LLC as to Guangzhou Unipin Sportswear Co., Ltd. on 4/19/2024, answer due 5/10/2024; Yiwu Zhipai Trade Co., Ltd. on 4/19/2024, answer due 5/10/2024. (Tucker, Todd) (Entered: 05/17/2024) |
| 05/17/2024 | 49 | MOTION by Plaintiff Kangol LLC for default judgment as to *defaulting Defendants listed on Schedule A/Exhibit A* (Tucker, Todd) (Entered: 05/17/2024) |
| 05/17/2024 | 50 | MEMORANDUM by Kangol LLC in support of motion for default judgment 49 (Attachments: # 1 Declaration of Todd Tucker, # 2 Exhibit A − Schedule A)(Tucker, Todd) (Entered: 05/17/2024) |
| 05/17/2024 | 51 | NOTICE of Motion by Todd R Tucker for presentment of motion for default judgment 49 before Honorable Sharon Johnson Coleman on 5/22/2024 at 10:00 AM. (Tucker, Todd) (Entered: 05/17/2024) |
| 05/17/2024 | 52 | NOTICE of Motion by Todd R Tucker for presentment of motion to withdraw as attorney 47 before Honorable Sharon Johnson Coleman on 5/22/2024 at 10:00 AM. (Tucker, Todd) (Entered: 05/17/2024) |
| 05/20/2024 | 53 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Brian P. Doney's motion for leave to withdraw as counsel 47 is granted. Attorney Brian Patrick Doney terminated. Mailed notice. (ym) (Entered: 05/20/2024) |
| 05/22/2024 | 54 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 5/22/2024. Defendants did not appear nor contact the Court. Plaintiff's motion for entry of default and default judgment 49 is granted. Default judgment is entered in favor of plaintiff and against defendants identified in Schedule A. Enter Order. The ten thousand dollar ($10,000) bond posted by Plaintiff, including any interest, minus the registry fee, is hereby released via certified mail to counsel of record for Plaintiff, Todd Tucker of Calfee Halter & Griswold LLP at 1405 East Sixth Street, Cleveland, OH 44114. Status hearing set for 5/28/2024 is stricken. Civil case terminated. Mailed notice. (ym) (Entered: 05/22/2024) |
| 05/22/2024 | 55 | FINAL JUDGMENT ORDER. Signed by the Honorable Sharon Johnson Coleman on 5/22/2024. Mailed notice. (ym) (Entered: 05/22/2024) |
| 10/01/2024 | 56 | MOTION by Plaintiff Kangol LLC to amend/correct order 55 *Final Judgment Order* (Tucker, Todd) (Entered: 10/01/2024) |
| 10/02/2024 | 57 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's motion for entry of amended final judgment order 56 is granted. Enter Order. Mailed notice. (ym) (Entered: 10/02/2024) |
| 10/02/2024 | 58 | AMENDED FINAL JUDGMENT ORDER. Signed by the Honorable Sharon Johnson Coleman on 10/2/2024. Mailed notice. (ym) (Entered: 10/02/2024) |
| 02/25/2025 | 59 | ATTORNEY Appearance for Defendant Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. by Benjamin Solter (Solter, Benjamin) (Entered: 02/25/2025) |

| | | |
|---|---|---|
| 02/25/2025 | 60 | MOTION by Defendant Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. to vacate order 58<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Solter, Benjamin) (Entered: 02/25/2025) |
| 02/25/2025 | 61 | NOTICE of Motion by Benjamin Solter for presentment of motion to vacate, 60 before Honorable Sharon Johnson Coleman on 3/4/2025 at 10:00 AM. (Solter, Benjamin) (Entered: 02/25/2025) |
| 02/26/2025 | 62 | ATTORNEY Appearance for Defendant Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. by Wesley E. Johnson (Johnson, Wesley) (Entered: 02/26/2025) |
| 03/03/2025 | 63 | MEMORANDUM by Kangol LLC in Opposition to motion to vacate, 60 (Attachments: # 1 Declaration of Yizhou Liu)(Tucker, Todd) (Entered: 03/03/2025) |
| 03/03/2025 | 64 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. is to file a reply to their motion to vacate 60 by 3/13/2025. Once the matter is fully briefed, the Court shall take it under advisement. Presentment hearing set for 3/4/2025 is stricken. The parties are warned that if the Court deems it necessary to hold a hearing on the motion, the parties will be required to appear in−person at the scheduled hearing date. Mailed notice. (ym) (Entered: 03/03/2025) |
| 03/13/2025 | 65 | REPLY by Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. to MOTION by Defendant Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. to vacate order 58<br><br>60 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Declaration Exhibit C)(Johnson, Wesley) (Entered: 03/13/2025) |
| 06/13/2025 | 66 | MEMORANDUM Opinion and Order: The Court denies Defendant's motion to vacate 60 . Signed by the Honorable Sharon Johnson Coleman on 6/13/2025. Mailed notice. (ym) (Entered: 06/13/2025) |
| 07/14/2025 | 67 | NOTICE of appeal by Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. regarding orders 66 Filing fee $ 605, receipt number AILNDC−23746953. Receipt number: n (Johnson, Wesley) (Entered: 07/14/2025) |
| 07/14/2025 | 68 | DOCKETING Statement by Hangzhou Chuanyue Silk Imp And Exp Co., Ltd. regarding notice of appeal 67 (Johnson, Wesley) (Entered: 07/14/2025) |
| 07/17/2025 | 69 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 67 . (rc, ) (Entered: 07/17/2025) |