No. 25-2205

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

## KANGOL LLC,

*Appellee-Plaintiff,*

**v.**

## HANGZHOU CHUANYUE SILK IMPORT & EXPORT CO., LTD.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
District Judge Sharon Johnson Coleman
No. 1:24-cv-01636

# CITATION OF SUPPLEMENTAL AUTHORITIES
# PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE
# 28(J) AND CIRCUIT RULE 28(E)

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant respectfully submits the following supplemental authority:

On December 18, 2025, the Second Circuit issued its opinion in *Smart Study Co., LTD v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 LX 508797 (2d Cir. Dec. 18, 2025).

There, as in the present case, the plaintiff in *Smart Study* sought to hold multiple individuals and entities located on China liable for trademark, copyright, and unfair competition, and moved *ex parte* for an order permitting it to serve defendants with the summons, complaint, and other documents by email pursuant to Federal Rule of Civil Procedure 4(f)(3). *Id.* at *8.

In response to the district court's order to show cause why two defendants should not be dismissed for failure to service in accordance with Rule 4(f),plaintiff Smart Study asserted that the Hauge Service Convention did not prohibit email service under Rule 4(f)(3). The district court disagreed and dismissed the claims against those Defendants for failure to serve. Smart Study appealed.

On appeal, the Second Circuit affirmed, concluding that "email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)." *Id.* at *17.

The Second Circuit also rejected Smart Study's arguments that Rule 4(f)(3) has an implicit "exigent circumstances" exception. *Id.* 16-17, and that Rule 4(f)(2) allows service on Chinese defendants via email. *Id.* at *18.

This decision supports Appellant's position that email service on parties located in China, where China has objected to such methods under the Hague Service Convention, is impermissible under Rule 4(f). Defendant-Appellant therefore brings this case to the Court's attention pursuant to Federal Rule of Appellate Procedure 28(j) and Curcuit Rule 28(e).

DATE: December 19, 2025

Respectfully submitted,

By: /s/ Wesley E. Johnson
WESLEY E. JOHNSON
CROSS-BORDER COUNSELOR LLP
105 W. Madison Street, Suite 2300,
Chicago, IL 60602
Tel: (312) 752-4828
Email: wjohnson@cbcounsel.com

*Attorney for Defendant–Appellant*
*Hangzhou Chuanyue Silk Import &*
*Export Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19 2025, I electronically filed the foregoing Citation of Supplemental Authorities Pursuant to Federal Rules of Appellate Procedure 28(j) And Circuit Rule 28(e) with the Clerk of the Court for the U.S. Court of Appeals for the Seventh Circuit by using the CM/ECF system, which will serve notice on all counsel of record.

DATE: December 19, 2025

/s/ Wesley E. Johnson
WESLEY E. JOHNSON
Counsel for Defendant–Appellant

<u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

I hereby certify as follows:

1. The foregoing Citation of Supplemental Authorities Pursuant to Federal Rules of Appellate Procedure 28(j) And Circuit Rule 28(e) contains fewer than 350 words.

2. This letter complies with the typeface and type-style requirements of FRAP 32(a). It has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 12-point font.

DATE: December 19, 2025        <u>/s/ Wesley E. Johnson</u>

WESLEY E. JOHNSON
Counsel for Defendant–Appellant
Hangzhou Chuanyue Silk Import &
Export Co., Ltd.