No. 25-2205

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

───────────

KANGOL, LLC,

*Appellee-Plaintiff*,

v.

HANGZHOU CHUANYUE SILK IMPORT & EXPORT CO., LTD,

*Appellant-Defendant.*

───────────

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division,
District Judge Sharon Johnson Coleman
No. 1:24-cv-01636

───────────

# MOTION BY *AMICI CURIAE* HANGZHOU LONGQI NETWORK TECHNOLOGY CO., LTD. AND HANGZHOU QINGPENG TECHNOLOGY CO. LTD FOR LEAVE TO FILE REPLY BRIEF

───────────

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
(212) 319-4755
benjamin.bai@cn.kwm.com

*Counsel of Record for Amici Curiae*

Pursuant to Federal Appellate Procedure Rule 29(a)(7) and due to the exceptional circumstances set forth below, Amici Curiae Hangzhou Longqi Network Technology Co., Ltd. and Hangzhou Qingpeng Technology Co. Ltd. respectfully move for leave to file a short reply to the amicus brief filed by Richard L. Wagner on December 31, 2025. ECF No. 48.

This motion is necessitated by Mr. Wagner's brief containing several fundamental misinterpretations of Chinese law that, if left uncorrected, could mislead this Court regarding the permissibility of alternative service methods on Chinese defendants. For example, Mr. Wagner argues that Article 294 of the Chinese Civil Procedure Law "does not prohibit a PRC defendant from 1) waiving service, 2) being served from an offshore electronic platform, or 3) being served via email from overseas." ECF No. 48 at 15. This interpretation directly contradicts the authoritative position of the Ministry of Justice of the People's Republic of China, the designated Central Authority to receive foreign requests for service pursuant to the Hague Service Convention.

The Ministry of Justice has issued clear guidance on this precise issue, on its website[1], stating, in translation:

> Question 2: How should parties in China, especially Chinese enterprises or citizens, handle judicial documents sent by foreign judicial authorities, judicial personnel, or parties

---

[1] https://www.moj.gov.cn/pub/sfbgw/jgsz/jgszzsdw/zsdwsfxzjlzx/sfxzjlzxxwdt/202503/t20250324_516204.html, last visited January 7, 2026.

1

through international mail, fax, or email?

Answer: According to Chinese law and the Chinese government's declaration to the Hague Service Convention, this method of service is invalid. If a foreign court issues a judgment based on such service, and that judgment seeks recognition and enforcement in China, the service aspect will be viewed by our courts as a procedural defect, and the judgment will not be recognized or enforced. Parties should promptly explain Chinese legal requirements to the foreign court and request effective service through treaty-prescribed channels.

"[A] federal court should carefully consider a foreign state's views about the meaning of its own laws." *Animal Science Prod. v. Hebei Welcome Pharm.*, 585 U.S. 33, 43 (2018). This authoritative interpretation establishes that China considers email service, fax service, and direct mail service to be invalid methods that create procedural defects fatal to any subsequent judgment enforcement. Mr. Wagner's assertion that Article 294's "plain terms" permit such service methods is therefore demonstrably incorrect and risks leading this Court to conclusions based on a flawed understanding of Chinese law.

**PROPOSED RESPONSE**

The proposed response will be limited to correcting Mr. Wagner's misinterpretation of Chinese law regarding service of process. It will not exceed 10 pages and will focus solely on:

(a) The proper interpretation of relevant provisions of the Chinese Civil Procedure Law in light of official Chinese government guidance and practices.

(b) The authoritative nature of interpretations published by Chinese court and government agency as a matter of judicial practice, and why such interpretations control over plain-text readings that contradict the government's stated position.

(c) The practical consequences of relying on Mr. Wagner's erroneous interpretation.

**CONCLUSION**

For the foregoing reasons, Amici Curiae respectfully request that this Court grant leave to file a response to Mr. Wagner's amicus brief to correct his fundamental misinterpretation of Chinese law regarding service of process. Such correction is essential to ensure this Court's decision rests on an accurate understanding of applicable foreign law.

January 7, 2026

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

Yang Guo (*admission forthcoming*)
New York Bar No. 5897251
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (628) 999-0922
Email: guoyang5@cn.kwm.com

*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I caused the foregoing document to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

January 7, 2026                          Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

Yang Guo (*admission forthcoming*)
New York Bar No. 5897251
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (628) 999-0922
Email: guoyang5@cn.kwm.com

*Counsel for Amici Curiae*