No. 25-2205

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

## KANGOL LLC,

*Appellee-Plaintiff,*

v.

## HANGZHOU CHUANYUE SILK IMPORT & EXPORT CO., LTD.,

*Defendant-Appellant.*

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
District Judge Sharon Johnson Coleman
No. 1:24-cv-01636

## CITATION OF SUPPLEMENTAL AUTHORITY PURSUANT
## TO FEDERAL RULE OF APPELLATE PROCEDURE 28(j)
## AND CIRCUIT RULE 28(e)

Todd R. Tucker
    *Counsel of Record*
Yizhou Liu
Nicholas Zalany
Xu Jin

Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
ttucker@calfee.com
bliu@calfee.com
nzalany@calfee.com
ejin@calfee.com
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

*Attorneys for Plaintiff-Appellee*

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 2(e), Appellee respectfully submits the following supplemental authority:

On January 20, 2026, the Supreme Court of the United States issued its opinion in *Coney Island Auto Parts Unlimited, Inc., Petitioner v. Jeanne Ann Burton, Chapter 7 Trustee For Vista-Pro Automotive, LLC*, Case No. 24-808, 607 U.S. __ (2026).

In that case, the Supreme Court unanimously ruled that Federal Rule 60(c)(1)'s reasonable-time limit applies to a motion alleging that a judgment is void under Rule 60(b)(4). There, Vista-Pro attempted to serve process on Coney Island but purportedly failed to comply with the mail service requirements of Federal Rule of Bankruptcy Procedure 7044(b)(3). Coney Island was nonetheless informed of the default judgment and the enforcement efforts but did not object to the default judgment. After Vista-Pro collected upon the judgment, Coney Island, like Chuanyue, the appellant here, argued that the failure to make proper service rendered the judgment void. *See* Appellant's Br. 51; *see also* KSA210-12. In affirming the Sixth Circuit's decision upholding the lower court's rejection of Coney Island's position, the Supreme Court reasoned that courts cannot "keep their doors perpetually open to allegations of voidness" and held that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." *Id.* at *4 and *6.

Here, Chuanyue waited almost a year before moving to vacate the default judgment—clearly unreasonable. *See* Appellee's Response at 16–18; *see also* R. 63 at1-2, KSA 184–85. Chuanyue has failed to explain why, with full knowledge of the

1

case and representation by multiple attorneys, it waited so long or why its wait was not unreasonable.  As the Supreme Court rejected the idea that Rule 60(c)(1)'s reasonable time limit does not apply to motions to vacate alleging voidness, Chuanyue has failed to establish that its motion to vacate here was filed within a reasonable time.  Therefore, the Court should affirm the District Court's ruling.

Date: January 23, 2026

Respectfully submitted,

*/s/ Todd R. Tucker*

Todd R. Tucker (65617)
ttucker@calfee.com
Yizhou Liu (93842)
bliu@calfee.com
Nicholas Zalany (80095)
nzalany@calfee.com
Xu Jin (105195)
ejin@calfee.com
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

*Attorneys for Plaintiff-Appellee Kangol LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January 2026, I caused to be electronically filed the foregoing Citation of Supplemental Authority Pursuant to Federal Rules of Appellate Procedure 28(k) and Circuit Rule 28(e) with the Clerk of Court using the CM/ECF system, which will serve notice on all counsel of record.

/s/ Todd R. Tucker
*One of the Attorneys for Plaintiff-Appellee Kangol LLC*

**Certificate of Compliance With Type-Volume Limit, Typeface**

**Requirements and Type-Style Requirements.**

I hereby certify as follows:

1. This document complies with the type-volume limitations of Fed. R. App. P. 28(j) because, excluding the parts of the document exempted by this rule, this document contains 328 words.

2. This document complies with the typeface requirements of Cir. R. 32(b) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 12-point font.

Respectfully submitted,

*/s/ Todd R. Tucker*
*One of the Attorneys for Plaintiff-Appellee Kangol LLC*