No. 25-2205

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

—————————

KANGOL, LLC,

*Appellee-Plaintiff*,

v.

HANGZHOU CHUANYUE SILK IMPORT & EXPORT
CO., LTD,

*Appellant-Defendant.*

—————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division,
District Judge Sharon Johnson Coleman
No. 1:24-cv-01636

—————————

## REPLY BRIEF IN RESPONSE TO AMICUS BRIEF FILED BY RICHARD

## L. WAGNER [ECF NO. 48]

—————————

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
(212) 319-4755
benjamin.bai@cn.kwm.com

*Counsel of Record for Amici Curiae*

# Table of Contents

ARGUMENT ................................................................................................................1

CONCLUSION ...........................................................................................................5

CERTIFICATE OF SERVICE ....................................................................................7

# Table of Authorities

CASE

*Animal Science Prod. v. Hebei Welcome Pharm.*,

585 U.S. 33 (2018) ...................................................................................5

*Duncan v. Walker*,

533 U.S. 167 (2001) .................................................................................2

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,

484 U.S. 97 (1987) ...................................................................................3

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,

486 U.S. 694 (1988) .................................................................................3

OTHER AUTHORITIES

Chinese Civil Procedure Law .............................................................................1

Restatement (Third) of Foreign Relations Law § 471 (Am. Law Inst. 1987).....4

**ARGUMENT**

Pursuant to this Court's Order, [ECF No. 54], Amici Curiae Hangzhou Longqi Network Technology Co., Ltd. and Hangzhou Qingpeng Technology Co. Ltd. hereby respectfully file this reply to the amicus brief filed by Mr. Richard L. Wagner on December 31, 2025. ECF No. 48.

Mr. Wagner's brief contains several fundamental misinterpretations of Chinese law that, if left uncorrected, could mislead this Court regarding the permissibility of alternative service methods on Chinese companies. For the following reasons, Amici respectfully request the Court to reject Mr. Wagner's interpretation:

Mr. Wagner argues that Article 294 of the Chinese Civil Procedure Law ("CPL"), in particularly its paragraph (3), "does not prohibit a PRC defendant from 1) waiving service, 2) being served from an offshore electronic platform, or 3) being served via email from overseas." ECF No. 48 at 15. Article 294 of the CPL provides in translation:

> (1) The request for provision of judicial assistance shall be effected through channels provided in the international treaties concluded or acceded to by the People's Republic of China; in the absence of such treaties, they shall be effected through diplomatic channels.
> (2) A foreign embassy or consulate accredited to the People's Republic of China may serve documents on its citizens and make investigations and collect evidence among them, provided that the laws of the People's Republic of China are not violated and no compulsory measures are taken.
> (3) Except for the conditions provided in the preceding paragraphs,

1

> no foreign organization or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents or make investigations and collect evidence within the territory of the People's Republic of China.

Mr. Wagner's argument that the third paragraph of Article 294 prohibits "serving" but not "being served" is flawed for four reasons.

First, it isolates paragraph (3) of Article 294 while ignoring the statute's structure and context, which renders paragraphs (1) and (2) superfluous. The full article establishes a complete regulatory framework: paragraph (1) mandates that judicial assistance proceed through treaties or diplomatic channels; paragraph (2) permits limited consular service to their own nationals; and paragraph (3) prohibits all other foreign service activities.

Reading paragraph (3) as prohibiting service while allowing parties to be "validly served" through prohibited means would create an absurd result. It would mean China carefully regulated service through treaties and diplomatic channels, specifically addressed consular service, but then left a gaping loophole rendering these regulations meaningless. This approach is directly contradictory to the "cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted).

Second, Mr. Wagner's argument requires this Court to hold that "service"—a

term defined by its legal sufficiency—can somehow be accomplished through legally prohibited means. This approach contradicts the law of virtually every major jurisdiction. The term "service of process" has a "well-established technical meaning," which "refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988) (citation omitted). The prohibition on the manner of service unavoidably determines the manner's legal effect because service, by definition, only exists when legally sufficient delivery occurs. *Id.* Mr. Wagner's position seems to deliberately confuse "service of process"—a legal act that by definition must be juridically valid—with mere "physical delivery." The U.S. Supreme Court has squarely rejected this approach. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons.").

Third, Mr. Wagner's interpretation leads to an absurd result. It appears to be attempting to create a technical distinction that does not align with the statute's clear intent to control foreign judicial activities within Chinese territory. This interpretation would require the Court to believe that China has inexplicably

3

forsaken the universally recognized sovereign right of states to regulate the manner of legally effective service within their own territory—a suggestion that is patently absurd. It is a bedrock principle of private international law that each sovereign state determines what constitutes valid service of process within its borders. *See e.g.* Restatement (Third) of Foreign Relations Law § 471 cmt. a (Am. Law Inst. 1987) ("The manner of service of a summons, complaint, or comparable document must comply with the law of the state where service is made.").

Fourth, this interpretation directly contradicts the authoritative position of the Ministry of Justice of the People's Republic of China ("MOJ"), the designated Central Authority to receive foreign requests for service pursuant to the Hague Service Convention. The MOJ has issued clear guidance on this precise issue, on its website[1], stating, in translation:

> Question 2: How should parties in China, especially Chinese enterprises or citizens, handle judicial documents sent by foreign judicial authorities, judicial personnel, or parties through international mail, fax, or email?
>
> Answer: According to Chinese law and the Chinese government's declaration to the Hague Service Convention, this method of service is invalid. If a foreign court issues a judgment based on such service, and that judgment seeks recognition and enforcement in China, the service aspect will be viewed by our courts as a procedural defect, and the judgment will not be recognized or enforced. Parties should promptly explain Chinese legal requirements to the foreign court and request

---

[1] https://www.moj.gov.cn/pub/sfbgw/jgsz/jgszzsdw/zsdwsfxzjlzx/sfxzjlzxxwdt/202503/t20250324_516204.html, last visited February 2, 2026.

effective service through treaty-prescribed channels.

The MOJ's guidance is an authoritative interpretation of Chinese law, since "a federal court should carefully consider a foreign state's views about the meaning of its own laws." *Animal Science Prod. v. Hebei Welcome Pharm.*, 585 U.S. 33, 43 (2018). This authoritative interpretation establishes that China considers email service, fax service, and direct mail service to be invalid methods that create procedural defects fatal to any subsequent judgment enforcement. Mr. Wagner's assertion that Article 294's "plain terms" permit such service methods is therefore demonstrably incorrect and risks leading this Court to conclusions based on a flawed understanding of Chinese law.

## CONCLUSION

The "serving versus being served" distinction is a semantic game that ignores the statute's obvious purpose: establishing Chinese sovereignty over all foreign judicial activities within its borders. Service attempted outside the authorized channels is both prohibited and invalid—full stop.

February 3, 2026

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

Yang Guo (*admission forthcoming*)
New York Bar No. 5897251
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (628) 999-0922
Email: guoyang5@cn.kwm.com

*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I caused the foregoing document to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

February 3, 2026

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

Yang Guo (*admission forthcoming*)
New York Bar No. 5897251
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (628) 999-0922
Email: guoyang5@cn.kwm.com

*Counsel for Amici Curiae*